PER CURIAM.
The trial court errek in refusing to grant defendant’s motion to suppress the results of a blood alcohol test administered to her on June 16, 1984. A person who operates a motor vehicle upon the public highways of this state is deemed to have given consent to a chemical test of his blood if arrested for any offense arising out of acts alleged to have been committed while such person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages (La. R.S. 32:661). However, such person may refuse to submit to a chemical test save in a case where (1) such person has been arrested for violating La.R.S. 14:98; (2) a traffic fatality has occurred or a person has sustained serious bodily injury; and, (3) the person under arrest has refused or is unable to participate in a field sobriety test. In instances where the aforestated three criteria concur, the arrestee may not refuse to submit to a chemical test of his blood. La.R.S. 32:666(A).
In the instant case, although defendant was in control of a motor vehicle which allegedly caused the death of one pedestrian and serious injury to another and refused to participate in a field sobriety test, she was not arrested or charged with violating La.R.S. 14:98. Rather, defendant was initially arrested and charged with the offense of hit and run, a violation of La. R.S. 14:100, and later indicted for the offenses of vehicular homicide, in violation of La.R.S. 14:32.1, and vehicular negligent injuring, in violation of La.R.S. 14:39.1. Since defendant was never arrested or charged with violating La.R.S. 14:98, the three criteria for mandatory chemical test of defendant’s blood are not present and defendant had the right to refuse to submit to chemical testing of her blood. In spite of this, defendant was informed that she could not refuse to submit to the chemical test and signed the standard rights form then in use by the arresting authority. Such circumstances reflect that defendant’s signature to the standard rights form was not a valid waiver of her right to refuse chemical testing of her blood, and further reflects a failure of the arresting authority to comply with the provisions of La.R.S. 32:661 et seq. Therefore, the results of such test are inadmissible in evidence.
*194 Having concluded for the aforestated reasons that defendant’s motion to suppress must be granted, we need not consider defendant’s alternative argument that the standard rights form then in use by the arresting authority was deficient in failing to fully apprise arrestee of the consequences of a reading of 0.10 or more.